EDWARDS *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered May 6, 1918.

1. CARRIERS—DUTY TO ANNOUNCE ARRIVAL AT STATIONS.—A railway company carrying passengers is under a duty to announce the names of stations reached, in order for passengers to alight, and is responsible for a failure to do so, but it is not required to personally notify passengers on an ordinary passenger train of the arrival of the train at a particular station.

2. CARRIERS—CARRYING PASSENGER PAST STATION—NEGLIGENCE OF PASSENGER.—A passenger, in an ordinary passenger train, fell asleep and did not hear his station called. He alighted at the next station and sued for damages caused by his having to walk back. *Held,* under the facts the court properly directed a verdict for the defendant.

Appeal from Prairie Circuit Court, Northern District; *Thomas C. Trimble,* Judge; affirmed.

*Emmet Vaughan,* for appellant.

1. It was error to instruct a verdict for defendant. The evidence was conflicting and the case at least should have been submitted to a jury. The question of negligence is one of law for the court, but whether there was negligence or not, is a question for a jury. The conductor's testimony, it is true, was positive and appellee's negative, yet the weight was for the jury. Enc. Ev. 865-8, 870; 79 Ark. 621; 87 *Id.* 628; 74 *Id.* 483.

2. It was negligent in the conductor in failing to take up appellant's ticket before reaching Clarendon. 122 Ark. 477; 84 *Id.* 443; 191 S. W. 940; 82 S. E. 854; 45 S.

W. 758; 65 So. 396; 120 Ark. 208.   See also 168 Ala. 658; 53 So. 241.

*Daniel Upthegrove, J. R. Turney* and *Hawthorne & Hawthorne,* for appellee.

1.   The station was announced and the train was stopped at Clarendon.  The conductor did his whole duty. It was not his duty to awaken the passenger.  122· Ark. 584; 82 *Id.* 598; 18 Am. & E. Ry. Cas. 245; 3 *Id.* 340; 15 L. R. A. 347; 65 Miss. 15; 40 *Id.* 374.

2.   If the conductor made a promise that No. 4 should stop at Roe for plaintiff it was beyond the authority of the conductor and not binding—he exceeded his authority.   71 Ga. 710; 18 A. & E. Ry. Cas. 245.   See also 45 S. W. 324; 36 *Id.* 42; 53 *Id.* 698.

3.   There was no liability and a verdict was properly directed.

### STATEMENT OF FACTS.

R. S. Edwards sued the St. Louis Southwestern Railway Company to recover damages which he alleges he sustained by reason of the negligence of the railroad company's servants in not giving him notice when the passenger train on which he was riding reached his destination.

According to the testimony of the plaintiff he sat up with his wife, who was sick, until after midnight.  He bought a ticket from Brinkley to Clarendon and embarked on one of the company's passenger trains for his destination.  He was very tired and sleepy, and on that account took a seat in the first chair in the coach and placed his ticket in his hat band so that he would be either awakened by the train officer's touching him to take up his ticket, or he would hear the station announced when the door was opened for that purpose.  Clarendon is only a short distance from Brinkley.  The conductor did not take up his ticket until he had passed Clarendon.  The plaintiff got off at the next station and had to walk back to Clarendon in order to be there in time to go to work.  He had to

walk a trestle three miles long, and his exposure caused him to have a spell of sickness.

According to the testimony of the conductor he took up the plaintiff's ticket between Brinkley and Clarendon. He announced the station before the train reached Clarendon by calling it aloud in the car in which the plaintiff was riding. Three or four passengers got off the train at Clarendon. The conductor did not know that plaintiff had failed to get off of the train until after it had crossed the bridge of White River below Clarendon. The plaintiff got off .at the next stop.

The court directed a verdict for the defendant railway company, and the plaintiff has appealed.

HART, J., (after stating the facts). (1) It is well settled that a railroad company carrying passengers, in order to afford them an opportunity to leave the train at their place of destination, is bound to have the names of the different stations announced, upon the arrival of the trains, for a sufficient length of time to enable a passenger to get off with safety, and that a railroad company is liable for loss or injury which may result to a passenger from a violation of this duty. After properly announcing the name of a station, however, the carrier is not bound to go further, and give personal notice to a passenger traveling on an ordinary passenger train that his station has been reached. The carrier is not required to go through the train and see that every person has safely passed out of the cars. The reason is the passengers entered the cars of their volition to travel to a particular place, and it is presumed that they will leave the car when their station is called and the train stops there. Fetter on Carriers of Passengers, vol. 1, § 301; Hutchinson on Carriers, (3 ed.), vol. 2, § 1121; Michie on Carriers, vol. 2, § 2475; 6 Cyc. 587; *Seaboard Air-Line Railway* v. *Rainey* (Ga.), 2 A. & E. Ann. Cas. 675 and note; *Southern Railroad Co.* v. *Kendrick,* 40 Miss. 374; *Gilkerson* v. *Atlantic Coast Line Railroad Co.,* 99 S. C. 426, Ann. Cas. 1916-B, 248, and note.

(2)    It is contended by counsel for the plaintiff that, even if this be the law, the court erred in directing a verdict for the defendant.    We do not agree with counsel in this contention.    It is not claimed by the plaintiff that he was injured by the running of the train.    Hence there was no presumption of negligence in his favor.    According to his own testimony, his injuries were caused by walking back to Clarendon in the night time after he had voluntarily left the train.    It devolved upon the plaintiff to show that his injuries were sustained by reason of the negligence of the railroad company.    His testimony to the effect that he took the first chair in the car so that he would be more likely to hear his station called and that the conductor did not take up his ticket until after the train had passed Clarendon, was negative in character, and from it the jury could not have legally inferred that the station was not called by the conductor before the train arrived at Clarendon.    The burden being on the plaintiff, he could not discharge it by negative testimony of this character.

Moreover, according to the testimony of the conductor he called the station aloud in the car in which the plaintiff was riding before the train reached Clarendon. The train stopped at Clarendon long enough for the passengers in the coaches to leave them, and several passengers on the train debarked from it.    His testimony was reasonable and consistent in itself.    The negative testimony of the plaintiff did not tend in any wise to contradict it.

Therefore the judgment will be affirmed.